**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**(HOUSTON DIVISION)**

RODNEY KILLION,

Plaintiff,

v.

INTELIFI, INC., AND JD PALATINE LLC D/B/A JDP,

Defendants.

**Case No.:** 4:24-cv-02057

**PLAINTIFF'S OPPOSITION TO DEFENDANT INTELIFI, INC.'S OBJECTIONS AND MOTION TO QUASH RE-NOTICED 30(B)(6) NOTICE OF DEPOSITION**

Plaintiff Rodney Killion ("Plaintiff") hereby responds in opposition to Defendant Intelifi, Inc.'s ("Defendant") Objections and Motion to Quash Re-Noticed 30(b)(6) Notice of Deposition [Dkt. No. 32, "the Motion"], and states as follows:

## I. INTRODUCTION

Plaintiff brought this action against Defendant for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b), arising out of an employment background check report that Defendant published to Plaintiff's employer, which falsely portrayed Plaintiff's criminal history.

Defendant's Motion is improper for multiple reasons, each of which is, independently, a basis for denial of the Motion. First, Defendant failed to comply with Judge Hanks' procedures[1], which require that when parties encounter discovery or

[1] Plaintiff notes that Plaintiff is unsure whether Judge Hanks or Judge Edison will be reviewing and deciding the Motion. While Plaintiff refers to Judge Hanks' procedures throughout this response, Plaintiff notes that Judge Edison's procedures are substantively identical.

scheduling disputes, the parties must file a joint letter with the Court and seek a conference with the Court.

Second, Defendant failed to comply with the Local Rules, which require that all motions explicitly identify that the parties have met and conferred.

Third, and finally, Defendant's Motion seeks to "quash" Plaintiff's 30(b)(6) deposition notice of Defendant. The Motion is procedurally improper under the Federal Rules of Civil Procedure and should be stricken. Specifically, a motion to quash is the mechanism by which **third parties** seek reprise from having to respond to a subpoena. For 30(b)(6) depositions, the proper mechanism would be to file a motion for protective order.

If the Court should decline to strike Defendant's Motion and convert it to a motion for protective order, Defendant's Motion should be denied for failure to include anything in the way of actual legal reasoning and failing to meet its burden.[2]

For these reasons, the Court should strike or deny the Motion in its entirety and award Plaintiff his attorneys' fees.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2024, Plaintiff brought an action against Defendant for violations of the FCRA, arising out of an employment background check report that Defendant published to Plaintiff's employer, which falsely portrayed his criminal history. Dkt. No. 1, "Compl."

The present dispute began on or about June 20, 2023, when Plaintiff applied for

[2] While Plaintiff is sympathetic to any medical concerns Defendant's 30(b)(6) witness may be having, Defendant's deposition is critical to Plaintiff's ability to meet his burdens at trial. These unknown medical concerns have delayed Defendant's deposition by approximately three months (and going), despite representations that the witness would return to the office in mid-June 2025. Accordingly, Plaintiff opposes Defendant's Motion to preserve his rights and achieve confirmation the deposition will occur.

employment as a 3D printer assembler with Re:3D through a temp. agency—Advanced Resources Managers ("ARM"). Compl. ¶ 46. On or before June 26, 2023, ARM extended Plaintiff a job offer contingent upon Plaintiff passing a background check. *Id*. at ¶ 49. Issues arose when ARM ordered a criminal background check on Plaintiff from Defendant. *Id*. at ¶ 52. Defendant sold its completed employment purposed consumer report about Plaintiff to ARM. *Id*. at ¶ 53. Defendant's report about Plaintiff contained inaccurate information—specifically that Plaintiff had been convicted of felony criminal trespass. *Id*. at ¶ 56. Plaintiff has never been convicted of a felony. *Id*. at ¶ 57. Because of the inaccurate reporting, ARM terminated Plaintiff's employment (which had begun prior to the completion of the background report) on July 14, 2023. *Id*. at ¶¶ 50 and 67.

Pursuant to the Court's Scheduling Order dated October 2, 2024 (Dkt. No. 24), discovery was to be completed by September 19, 2025. Plaintiff served a 30(b)(6) deposition notice on January 27, 2025 for March 18, 2025. However, Plaintiff's counsel then had a conflict arise. Accordingly, Plaintiff sought alternative dates from Defendant. After following up for three weeks, Plaintiff had not heard back. Plaintiff then served a 30(b)(6) deposition notice on March 28, 2025 for April 14, 2025. On April 2, 2025, Defendant's counsel let Plaintiff's counsel know that Defendant's representative had been out on medical leave and would continue to be out on medical leave for the remainder of April 2025. Accordingly, Defendant's 30(b)(6) representative would be available starting mid-May 2025. Based on this, Plaintiff vacated the deposition, and the Parties filed a Joint Motion for Extension of Deadlines on April 21, 2025 (Dkt. No. 30). On May 19, 2025, the Court granted the Parties' motion and issued an Amended Scheduling Order (Dkt. No. 31).

The discovery cut-off was moved to November 3, 2025. *Id*.

On May 19, 2025, Plaintiff sought revised dates from Defendant, suggesting ten options between June and July 2025. Defendant did not respond. On June 2, 2025, Plaintiff served a 30(b)(6) notice for July 9, 2025. Meanwhile, the Parties communicated concerning Defendant's document production. On July 3, 2025, Plaintiff's counsel followed up concerning the documents once more, voicing concern that she would not receive the documents in time for the July 9th deposition.

On July 8, 2025, Defendant's counsel emailed Plaintiff's counsel and indicated that its witness was still on medical leave and that he is under restrictions to avoid stressful situations, such as a deposition. Defendant also informed Plaintiff that it would not be appearing for the deposition on the following day. Defendant's counsel further indicated he should have an update on witness availability by the end of the week (July 11, 2025). Before Plaintiff was able to respond to Defendant's representations, and without having met and conferred with Plaintiff's counsel, Defendant filed the Motion the same day. To date, Plaintiff has not received alternative availability from Defendant.

## III. LEGAL STANDARD

Fed. R. Civ. P. 26(c) permits parties to move for a protective order in certain circumstances. District courts have discretion to "for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" in the course of discovery. On the other hand, Fed. R. Civ. P. 45(d)(3) permits third parties to move the court to quash or modify a subpoena in certain circumstances.

"The party seeking a protective order bears the burden of establishing good cause

and a need for protection." *Campos v. Webb County Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. Dec. 11, 2012) (citations omitted). If a party is seeking to prevent or delay a deposition because of medical reasons, that party must make "a 'specific and documented factual showing that the deposition will be dangerous to the deponent's health.'" *Id*. (quoting *Schorr v. Briarwood Estates Ltd. P'ship*, 178 F.R.D. 488, 491 (N.D. Ohio 1998)). "[I]n other words, the moving party carries the substantial burden of showing 'extraordinary circumstances based on specific facts that would justify such an order.'" *Id*. (quoting *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001)).

## IV. ARGUMENT

### A. Defendant's Motion fails to Comply with Judge Hanks' Procedures.

Judge Hanks maintains "Court Procedures" on the website for the Southern District of Texas so that parties may identify the preferred processes for handling issues that inevitably arise during the course of litigation, and to effectuate the efficient resolution of said issues. Judge Hanks' procedures explicitly warn litigants that, "**A failure to comply with the Local Rules or Procedures may result in sanctions**." Judge Hanks' Court Procedures at 1 (emphasis in original).

Among the procedures outlined by Judge Hanks are procedures for addressing "Discovery and Scheduling Disputes." Judge Hanks' Court Procedures at 9. These procedures identify an efficient mechanism for bringing such disputes to the Court's attention, which includes seeking an informal discovery conference by filing a joint letter outlining the issues in disputes. *Id*.

Rather than comply with Judge Hanks' procedures – which would have obviated

Plaintiff's need to expend resources unnecessarily and file this response – Defendant chose to ignore these procedures and simply file the Motion. Defendant knew – or should have known – that Judge Hanks' procedures warn parties that failure to follow these procedures may result in sanctions, but chose to file the Motion nonetheless. For this reason, the Court should deny the Motion on this basis.

**B. Defendant's Motion fails to Comply with the Local Rules.**

Similarly, the Motion violates the Local Rules. Like Judge Hanks' procedures, the Local Rules contain a variety of procedures that instruct parties on proper conduct during the course of litigation. Also, like Judge Hanks' procedures, the Local Rules contain instructions that parties must follow when engaged in a discovery dispute. Specifically, parties are required to meet and confer in good faith with opposing parties, and to provide an averment in any discovery motion that identifies that such meet and confer took place. *See* LR 7.1(D)(1)-(2).

For reasons unknown, rather than meet and confer with counsel for Plaintiff – as Defendant was obligated to do by both the Federal Rules and the Local Rules – Defendant made no effort to meet and confer in good faith prior to filing the Motion. Because no such meet and confer took place, Defendant violated LR 7.1(D)(1) by failing to include any averment that such a meet and confer took place. Accordingly, the Court should deny the Motion on this basis.

**C. Defendant's Motion is Procedurally Improper Under the Federal Rules of Civil Procedure.**

Under the Federal Rules of Civil Procedure, a party seeking to avoid having to

appear for a deposition must move the Court for a protective order. *See*, Fed. R. Civ. P. 26(c). Here, Defendant has moved to "quash" Plaintiff's deposition notice. *See generally*, Motion. Motions to quash may be filed by third parties in response to subpoenas, pursuant to Fed. R. Civ. P. 45(d)(3).

Accordingly, Defendant's Motion should be stricken for failure to comply with the Federal Rules of Civil Procedure. Plaintiff should also be awarded his attorneys' fees for responding to a motion that is procedurally improper.

**D. Defendant's Motion Lacks Any Legal Reasoning.**

The substance of Defendant's Motion consists of merely three paragraphs. In support of its Motion, Defendant fails to cite to any Federal or Local Rules, fails to cite to any case law, and lacks any legal reasoning whatsoever. This is true as to "motions to quash" and "motions for protective order." Rather, Defendant makes conclusory allegations merely stating "[the 30(b)(6) representative] still has not returned to the office, his medical conditions have precluded him from adequately preparing for deposition [sic], and the stress of a deposition would not yet be advisable in light of his recent medical issues." Motion, at p. 1.

While Plaintiff is certainly sympathetic, Defendant's deposition is critical to this case, as Defendant's policies and procedures are at the heart of Plaintiff's claims, and in order to support his claims and prepare for trial, Plaintiff must have an understanding of how those policies and procedures are actually applied. This understanding is simply not something that can be acquired through interrogatory responses or review of document production.

Accordingly, even if this Court converts Defendant's Motion to a motion for protective order, Defendant has failed to provide any legal reasoning to support the need for a protective order. Plaintiff should also be awarded his attorneys' fees for responding to a motion that lacks any legal reasoning whatsoever.

**E. Defendant Has Failed to Meet Its Burden to Establish the Need for a Protective Order.**

As discussed above, the burden necessary for a protective order is a substantial one. *See*, *Campos*, 288 F.R.D. at 136. "[C]onclusory or speculative statements by a treating physician about the harm which will be suffered without a protective order are simply insufficient. *Id*. (citing *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994)).

In *Campos*, the plaintiff sought a protective order due to medical concerns. *Id*. at 135. In support, the plaintiff attached an affidavit from his treating psychiatrist. *Id*. The psychiatrist noted that the plaintiff suffered from "major depression, post-traumatic stress disorder due to sexual rape, and mild mental retardation." *Id*. The psychiatrist stated that if the plaintiff were required to participate in a deposition, he would be "'very likely to decompensate into a full blown psychotic regression under probable aggressive questioning,' which would thereby 'cause the immediate loss… of the very slow progress he has gained from treatment.'" *Id*. It was also noted that because of the plaintiff's "'less than normal intellectual capacity' and the 'worsening of his disability due to' the victimization he suffered in jail," that the plaintiff would be "unable [to] answer questions intelligently." *Id*. at. 136. Therefore, the psychiatrist stated that in his professional opinion,

he strongly urged against allowing plaintiff's deposition to proceed. *Id*.

Ultimately, the court in *Campos* concluded that

> [g]iven the high burden that [p]laintiffs must meet in order to quash a deposition, the [c]ourt is unable to say that it has been met. Due to the importance of [p]laintiff's testimony and [d]efendants' corresponding substantial interest in deposing [p]laintiff, it seems unlikely that the [c]ourt can simply issue an indefinite stay of his deposition, especially bearing in mind the upcoming deadlines in the case.

*Id*. at. 138. The court further concluded that the psychiatrist's affidavit, while containing a certain level of detail, did not allow the court to determine what the plaintiff's actual limitations were/what accommodations for a deposition (as opposed to cancellation altogether) were needed. *Id*. at 138–39.

Here, the Defendant has provided substantially less support than the plaintiff in *Campos*. Unlike the plaintiff in *Campos*, Defendant does not provide any supporting affidavit or declaration to show that the deposition should be indefinitely postponed. Further, Defendant fails to show that an alternative, such as setting certain restrictions on the deposition or the availability of another witness, is also not an option. In fact, Defendant's sole support for its Motion consists of one sentence:

> Moreover, **on information and belief**, Intelifi's Rule 30(b)(6) deponent, Ray Faraz, still has not returned to the office, his medical conditions have precluded him from adequately preparing for deposition [sic], and the stress of a deposition would not yet be advisable in light of his recent medical issues.

Motion, at p. 1 (emphasis added). Defendant makes no attempt to (1) confirm these statements are true; (2) identify why the witness must "be in office" to appear for a Zoom deposition; (3) how his medical conditions have prevented him from preparing for the

deposition; or (4) how the stress of a deposition is so great and not yet advisable, to the point where even a deposition with certain restrictions is not an option.

Therefore, should the Court convert Defendant's Motion to a motion for protective order, the Court should deny Defendant's Motion as it fails to meet its burden to show that a protective order is necessary.[3]

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion should either be stricken or denied in full, and Plaintiff should be awarded his attorneys' fees for responding.

RESPECTFULLY SUBMITTED on this 17th day of July 2025.

By: */s/ McKenzie Czabaj*
McKenzie Czabaj, AZ Bar No. 036711
SDTX Bar No. 3761832
**Consumer Justice Law Firm PLC**
8095 North 85th Way
Scottsdale, Arizona 85258
Phone: (480) 626-2376
Fax: (480) 613-7733
Email: mczabaj@consumerjustice.com

*Attorneys for Plaintiff Rodney Killion*

[3] Should the Court find that Defendant has met its burden (it has not), Plaintiff respectfully asks this Court to grant a protective order as to this specific witness, Ray Faraz, **only**, and compel Defendant to produce an alternative witness to appear as a 30(b)(6) representative.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

By: *<u>/s/ Roxanne Harris</u>*